UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER MUSICO,

                Plaintiff,

v.

Case No. 19-cv-

ORGAN PROCUREMENT AGENCY
OF MICHIGAN d/b/a Gift of Life Michigan,
a domestic nonprofit corporation,

                Defendant.
_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
29829 Greenfield Rd., Suite 102
Southfield, MI 48076
(248)569-9270
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Christopher Musico, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Organ Procurement Agency of Michigan, and in support thereof states:

1. Plaintiff Christopher Musico ("Musico" or "Plaintiff") is a resident of the City of Ann Arbor, Washtenaw County, Michigan.

2. Defendant Organ Procurement Agency of Michigan operates under the assumed name of Gift of Life Michigan ("GOLM" or "Defendant") and is a Michigan nonprofit corporation.

3. Jurisdiction is vested with this Court pursuant to 29 USC §201, et seq. and 28 USC §1331.

4. The events giving rise to this action occurred in the City of Ann Arbor, Washtenaw County, Michigan.

5. Musico was hired by GOLM in November 2009 to work in its information systems (IS) department.

6. Musico is currently employed by GOLM as a System Administrator – Network.

## GENERAL ALLEGATIONS

7. As part of his work in the IS department, from 2009 until 2018, Musico was required to work a regular workweek of 40 hours per week.

8. In addition to his regular workweek, Musico was required to be on-call 24 hours per day/7 days per week/365 days per year.

9. Because of the nature of the on-call requirements, and the frequency upon which Musico received calls while on call, the on-call requirements was unduly burdensome and created undue restrictions on Musico.

10. Because he was required to be on call every day, Musico did not have the option of switching on call shifts with any other employee.

11. Musico was subject to the on call restrictions 7 days per week and 365 days per year.

12. As such, GOLM is required to pay Musico for all time that he is required to be on call.

## COUNT I
## VIOLATION OF FLSA – FAILURE TO PAY

13. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

14. Pursuant to 29 USC §206(a), GOLM is required to pay all of its employees a certain hourly wage to all of its employees who in any workweek is engaged in commerce, or is employed in an enterprise engaged in commerce.

15. GOLM failed to pay Musico for time in which he was engaged in commerce; specifically GOLM has failed, refused and neglected to pay Musico for time that he was required to be on-call for GOLM ("on-call time").

16. The on-call time requirements that GOLM placed on its IS Department employees was so unduly burdensome and unduly restrictive of Musico's time that it required payment under the Fair Labor Standards Act ("FLSA").

17. As a direct and proximate result of GOLM's violation of the FLSA, Musico has suffered damages, including, but not limited to: lost past and future wages.

## COUNT II
## VIOLATION OF FLSA – OVERTIME

18. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

19. Pursuant to 29 USC §207(a), no employer shall have an employee work more than 40 hours in a workweek, unless that employee is paid at a rate not less than one and one-half times the regular rate he is paid, for all hours above 40 per week.

20. The on-call time requirements that GOLM placed on its IS Department employees was so unduly burdensome and unduly restrictive of Musico's time that it required payment under the Fair Labor Standards Act ("FLSA").

21. Musico is a non-exempt employee of GOLM and is therefore entitled to overtime pay.

22. Musico worked more than 40 hours per week without being paid at a rate one and one-half times his regular rate.

23. As a direct and proximate result of GOLM's violation of the FLSA, Musico has suffered damages as fully set forth in paragraph 17 of this Complaint.

## COUNT III
## VIOLATION OF FLSA – MINIMUM WAGE

24. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

25. In 2019, GOLM began paying Musico $2.00 per hour for all on-call time that he worked.

26. Pursuant to 29 USC §206(a), the minimum wage that GOLM was required to pay Musico was $7.25.

27. As a direct and proximate result of GOLM's violation of the FLSA, Musico has suffered damages as fully set forth in paragraph 17 of this Complaint.

## COUNT IV
## VIOLATION OF MICHIGAN'S IWOWA – MINIMUM WAGE

28. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

29. In 2019, GOLM began paying Musico $2.00 per hour for all on-call time that he worked.

30. Pursuant to the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL 408.934, the minimum wage that GOLM was required to pay Musico was $9.25.

31. As a direct and proximate result of GOLM's violation of the IWOWA, Musico has suffered damages as fully set forth in paragraph 17 of this Complaint.

WHEREFORE, Plaintiff Christopher Musico prays that this Honorable Court enter a judgment in his favor against Defendant Organ Procurement Agency of Michigan in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiff Christopher Musico hereby demands a trial by jury of the within cause.

        STEMPIEN LAW, PLLC

        */s/ Eric Stempien*
        By: Eric Stempien (P58703)
        Attorney for Plaintiff

Dated: September 9, 2019